UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BARBARA A. SINGLETON,
         Plaintiff,

v.

ROCHESTER CITY SCHOOL DISTRICT,
         Defendant.

---

**DECISION & ORDER**
15-cv-6746-DGL-JWF

## Preliminary Statement

This case arises under the Americans with Disabilities Act ("ADA"). Currently before the Court is plaintiff Barbara A. Singleton's ("plaintiff") motion to amend the complaint (Docket # 31) and her request for appointment of counsel (Docket # 36). For the reasons that follow, plaintiff's motion to amend is granted, her motion for appointment of counsel is denied without prejudice, and the matter is set for a scheduling conference on February 6, 2019, at 10:30 a.m.

## Discussion

Plaintiff filed her complaint on December 14, 2015. Docket # 1. At the time she commenced this action, she was representing herself but in June 2017 she retained Melvin Bressler, Esq. as her counsel. See Docket # 13. The Court issued several discovery scheduling orders (Docket ## 19, 23, 28, 29). On July 24, 2018, Mr. Bressler filed the pending motion to amend the complaint (Docket # 31). In the motion to amend, plaintiff does not seek to

1

add any additional claims to the ADA claim she made in her original complaint. Rather, plaintiff seeks to clarify that she was discharged or terminated, required and demanded reasonable accommodation earlier than previously stated, was denied such accommodation, and was qualified for her position. Docket # 31-1.

Defendant Rochester City School District ("defendant") opposes plaintiff's motion to amend, arguing that amendment at this point would cause undue delay, prejudice, and would violate the statute of limitations. While the motion was pending, and before a reply could be filed, Mr. Bressler suddenly became ill and passed away. Plaintiff now seeks appointment of counsel to replace Mr. Bressler.

Motion to Amend (Docket # 31): Generally, motions to amend should be freely granted when justice so requires. See Fed. R. Civ. Proc. 15(a). Given the circumstances here, including Mr. Bressler's unfortunate passing, the Court believes the motion to amend should be granted. While the case has been pending for some time, it appears that not much discovery has occurred. Plaintiff commenced this action while proceeding pro se. The amended complaint, drafted by counsel, succinctly sets forth the factual allegations and requests for relief.

Moreover, in granting this motion, the Court does not opine on the merits of the amendments, only that they are tenable enough

2

not to be denied as futile. There is no substantial prejudice to defendant in requiring an answer or other responsive pleading, particularly since discovery seems to be at an early stage. Moreover, defendant may assert any appropriate affirmative defense in its responsive pleading and this will allow a more complete record to be developed in determining the legal and factual merits of plaintiff's claims. Accordingly, plaintiff's motion to amend is **granted**, and the Clerk is directed to file the proposed amended complaint (Docket # 31-1) as the amended complaint. The amended complaint is now the operative pleading. Defendant may, of course, raise its arguments again in response to the amended complaint.

Motion for Appointment of Counsel (Docket # 36): Due to Mr. Bressler's death, plaintiff requests the appointment of counsel. The Court declines to appoint counsel at this time. Though the Court has the discretion to appoint counsel, it needs to be exercised judiciously, with the acknowledgment that the time of volunteer lawyers "is a precious commodity." Cooper v. A Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Plaintiff alleges that in December 2011 she fell and thereafter was limited in her ability to walk, stand, or climb stairs. She claims when she returned to work, she was able to perform the duties of her position with defendant with reasonable accommodation for her physical limitations. Plaintiff claims she discussed her need for accommodations with her employer but they refused to provide them.

3

At this point in time, the case does not appear to be unduly complex and plaintiff, who has a Master's Degree in education, appears capable of disability prosecuting her claim. In the absence of a complicated legal issue for which the appointment of counsel would be necessary, the court may decline the request for counsel. Parks v. Smith, 505 F. App'x 42 (2d Cir. 2012) (denying request for appointment of counsel where prisoner is alleging violation of civil rights by prison officials and the issues were not complex enough to warrant appointment of counsel); see also Swift v. Tweddell, No. 05-CV-6233L, 2007 WL 1340807, at *1 (W.D.N.Y. May 4, 2007) (denying request for appointment of counsel because the factual and legal issues were not complex enough to warrant appointment); Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Accordingly, plaintiff's request for appointment of counsel (Docket # 36) is **denied without prejudice**.

## Conclusion

For the foregoing reasons, plaintiff's motion to amend (Docket # 31) is **granted** and her motion for appointment of counsel (Docket # 36) is **denied without prejudice**. The Clerk is directed to file proposed amended complaint (Docket # 31-1) as the amended

4

complaint. A scheduling conference is set for <u>February 6, 2019, at 10:30 a.m.</u> to enter a new scheduling order in this case. SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: January 16, 2019
       Rochester, New York